## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MATTERSIGHT CORPORATION | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No.: 15-cv-10673 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CRYSTAL PROJECT INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT

Plaintiff Mattersight Corporation ("Mattersight"), for its Complaint against Defendant Crystal Project Inc. ("Crystal" or "Defendant"), hereby demands a jury trial and alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

### THE PARTIES

2.     Mattersight is a corporation incorporated in the State of Delaware with its principal place of business at 200 West Madison Street, Suite 3100, Chicago, IL 60606.

3.     On information and belief, Crystal is a corporation incorporated in the State of Delaware having a principal place of business in Nashville, TN.  Crystal operates the website http://www.crystalknows.com.  This website is accessible from anywhere in the United States, including in this District.

1

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     On information and belief, this Court has personal jurisdiction over Crystal pursuant to 735 ILCS 5/2-209 at least because Crystal has committed, and continues to commit, acts of patent infringement in Illinois, including in this District, induces infringement in Illinois, including in this District, and otherwise regularly transacts business in Illinois, including in this District.

6.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Defendants are subject to personal jurisdiction in this District and have committed, and continue to commit, acts of patent infringement giving rise to the claims alleged herein within this District.

## THE PATENTS-IN-SUIT

7.     On November 26, 2013, U.S. Patent No. 8,594,285 (the "'285 patent") entitled "METHOD AND SYSTEM FOR ANALYZING SEPARATED VOICE DATA OF A TELEPHONIC COMMUNICATION BETWEEN A CUSTOMER AND A CONTACT CENTER BY APPLYING A PSYCHOLOGICAL BEHAVIORAL MODEL THERETO," duly and legally issued.  A true and correct copy of the '285 patent is attached as Exhibit A.

8.     The named inventors of the '285 patent are Kelly Conway, Keene Hedges Capers, Christopher Danson, Douglas Brown, David Gustafson, Roger Warford, and Melissa Moore, and the '285 patent is assigned to Mattersight.  Mattersight owns all

rights, title, and interest in and to the '285 patent and has the right to sue and recover for past, present, and future infringement.

9.      On July 15, 2014, U.S. Patent No. 8,781,102 (the "'102 patent") entitled "METHOD AND SYSTEM FOR ANALYZING A COMMUNICATION BY APPLYING A BEHAVIORAL MODEL THERETO," duly and legally issued. A true and correct copy of the '102 patent is attached as Exhibit B.

10.     The named inventors of the '102 patent are Kelly Conway, Keene Hedges Capers, Christopher Danson, Douglas Brown, David Gustafson, Roger Warford, and Melissa Moore, and the '102 patent is assigned to Mattersight. Mattersight owns all rights, title, and interest in and to the '102 patent and has the right to sue and recover for past, present, and future infringement.

11.     On July 14, 2015, U.S. Patent No. 9,083,801 (the "'801 patent") entitled "METHODS AND SYSTEM FOR ANALYZING MULTICHANNEL ELECTRONIC COMMUNICATION DATA," duly and legally issued. A true and correct copy of the '801 patent is attached as Exhibit C.

12.     The named inventors of the '801 patent are Kelly Conway, Keene Hedges Capers, Christopher Danson, Douglas Brown, David Gustafson, Roger Warford, and Melissa Moore, and the '801 patent is assigned to Mattersight. Mattersight owns all rights, title, and interest in and to the '801 patent and has the right to sue and recover for past, present, and future infringement.

13.     On November 17, 2015, U.S. Patent No. 9,191,510 (the "'510 patent") (together with the '285, '102, and '801 patents, the "Mattersight Patents") entitled "METHODS AND SYSTEM FOR ANALYZING MULTICHANNEL ELECTRONIC

COMMUNICATION DATA," duly and legally issued. A true and correct copy of the '510 patent is attached as Exhibit D.

14.     The named inventors of the '510 patent are Kelly Conway, Keene Hedges Capers, Christopher Danson, Douglas Brown, David Gustafson, Roger Warford, and Melissa Moore, and the '510 patent is assigned to Mattersight. Mattersight owns all rights, title, and interest in and to the '510 patent and has the right to sue and recover for past, present, and future infringement.

15.     The '285 and '102 patents are embodied in Mattersight's Behavioral Analytics products and its product "Workstyle," available at http://work.style.

### MATTERSIGHT AND CRYSTAL

16.     Crystal makes, uses, offers to sell, and sells downloadable software programs on its website http://www.crystalknows.com, including at least "Personality Profiles," "Crystal for Chrome," "Crystal for Gmail," "Relationship Analysis," and "Crystal + Salesforce" (collectively, the "Crystal Products"). Copies of web pages from http://www.crystalknows.com describing the Crystal Products are attached as Exhibit E.

17.     According to an article in the July/August 2015 issue of Inc. Magazine, versions of certain Crystal Products have been used by at least employees of America Online, Forrester Research, and HubSpot. A true and correct copy of the article is attached as Exhibit F.

18.     On May 22, 2015, Mattersight's Chief Marketing Officer, Jason Wesbecher, emailed Drew D'Agostino, Founder and Chief Executive Officer of Crystal, warning Crystal that it was infringing patents owned by Mattersight. Mr. D'Agostino responded on May 26, 2015, informing Mr. Wesbecher that he was "not looking for any

business development relationships."  A true and correct copy of the email exchange is attached as Exhibit G.  In response to Mr. D'Agostino's cursory response, Jennifer Kuhn, counsel for Mattersight, reaffirmed Mattersight's concerns in a letter delivered on or around June 24, 2015, a true and correct copy of which is attached as Exhibit H.  Ms. Kuhn identified Crystal products infringing the '285 and '102 patents and further warned that, absent resolution with Crystal, Mattersight intended to assert the '285 and '102 patents to the full extent of the law.

19.     Further, Mattersight has provided Crystal a claim chart identifying on an element-by-element basis how Crystal's products infringe the '285 and '102 patents.  A true and correct copy of the claim chart is attached as Exhibit I.

20.     In November 2015, Ms. Kuhn informed Crystal that it was infringing two additional patents owned by Mattersight.  On November 13, 2015, Mattersight identified to Crystal, products infringing the '801 patent.  Mattersight delivered to Crystal, a claim chart identifying on an element-by-element basis how Crystal's products were infringing the '801 patent.  A true and correct copy of the claim chart is attached as Exhibit J.

21.     On November 19, 2015, Mattersight identified to Crystal, products infringing the '510 patent.  Again, Mattersight provided Crystal with a claim chart identifying on an element-by-element basis how Crystal's products were infringing the patent.  A true and correct copy of the claim chart is attached as Exhibit K.

## COUNT I – INFRINGEMENT OF THE '285 PATENT

22.     Paragraphs 1 through 21 are incorporated by reference as though fully stated herein.

5

*Direct Infringement*

23.     On information and belief, the Crystal Products directly infringe at least claim 17 of the '285 patent.

24.     By making, using, offering for sale, and selling the Crystal Products, Crystal has directly infringed, and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 17 of the '285 patent in violation of 35 U.S.C. § 271.

25.     On information and belief, Crystal has willfully infringed and continues to willfully infringe the '285 patent because it either knew or should have known that there was an objectively high risk of infringement by making, using, offering to sell, and/or selling the Crystal Products in the United States without authority because Mattersight, as described in Paragraph 18, had notified Crystal of the Crystal Products' infringement of the '285 patent at least as early as May 22, 2015. Moreover, as described in Paragraph 18, Mattersight reminded Crystal of its infringement of the '285 patent on or around June 24, 2015, in a letter to Mr. D'Agostino. Further, as described in Paragraph 19, Mattersight described Crystal's infringement on an element-by-element basis in the claim chart at Exhibit I, leaving no doubt that Crystal knew there was an objectively high risk of infringement.

*Inducement*

26.     On information and belief, Crystal indirectly infringes the '285 patent by actively inducing infringement of others engaging in direct infringement.

27.     On information and belief, Crystal had actual knowledge of the '285 patent no later than May 22, 2015, and likely earlier, as described in Paragraph 18.

28. On information and belief, Crystal had actual knowledge that its inducement resulted in direct infringement of the '285 patent by end users of the Crystal Products.

29. On information and belief, Crystal induced, and continues to induce, infringement of the '285 patent in violation of 35 U.S.C. § 271(b) by, without authority, and despite knowing such behavior results in infringement of the '285 patent, encouraging its customers to use the Crystal Products. On information and belief, such customers use the Crystal Products as instructed by Crystal. Thus, upon information and belief, Crystal induces direct infringement by such customers.

30. Crystal's acts of encouragement of end user direct infringement of the '285 patent include advertising the sale and/or download of the Crystal Products on its website http://www.crystalknows.com. Similarly, via its website, Crystal provides instructions for its customers including video demonstrations of the use of the Crystal Products.

31. Crystal formed a specific intent to infringe the '285 patent at least by May 22, 2015, when, as described in Paragraph 18, it learned of its infringement of the '285 patent.

*Notice & Marking*

32. As described in Paragraph 18, Mattersight gave Crystal notice of infringement pursuant to 35 U.S.C. § 287(a) at least as early as May 22, 2015, when Mr. Wesbecher e-mailed Mr. D'Agostino regarding Crystal's infringement of the '285 and '102 patents. Moreover, as described in Paragraph 18, Mattersight reminded Crystal of the Crystal Products' infringement of the '285 patent on or around June 24, 2015 in a

letter to Mr. D'Agostino. Additionally, Mattersight provides notice of infringement by filing this Action.

33. Mattersight has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '285 patent.

*Damage*

34. Mattersight has been damaged and irreparably harmed by Crystal's direct and indirect infringement of the '285 patent, and will continue to be damaged and irreparably harmed absent relief.

## COUNT II – INFRINGEMENT OF THE '102 PATENT

35. Paragraphs 1 through 34 are incorporated by reference as though fully stated herein.

*Direct Infringement*

36. On information and belief, the Crystal Products directly infringe at least claims 1, 3, 4, 5, 6, and 15 of the '102 patent.

37. By making, using, offering for sale, and selling the Crystal Products, Crystal has directly infringed, and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 3, 4, 5, 6, and 15 of the '102 patent in violation of 35 U.S.C. § 271.

38. On information and belief, Crystal has willfully infringed and continues to willfully infringe the '102 patent because it either knew or should have known that there was an objectively high risk of infringement by making, using, offering to sell, and/or selling the Crystal Products in the United States without authority because Mattersight, as described in Paragraph 18, had notified Crystal of the Crystal Products' infringement of

the '102 patent at least as early as May 22, 2015. Moreover, as described in Paragraph 18, Mattersight reminded Crystal of its infringement of the '102 patent on or around June 24, 2015, in a letter to Mr. D'Agostino. Further, as described in Paragraph 19, Mattersight described Crystal's infringement on an element-by-element basis in the claim chart at Exhibit I, leaving no doubt that Crystal knew there was an objectively high risk of infringement.

*Inducement*

39.     On information and belief, Crystal indirectly infringes the '102 patent by actively inducing infringement of others engaging in direct infringement.

40.     On information and belief, Crystal had actual knowledge of the '102 patent no later than May 22, 2015, and likely earlier, as described in Paragraph 18.

41.     On information and belief, Crystal had actual knowledge that its inducement resulted in direct infringement of the '102 patent by end users of the software.

42.     On information and belief, Crystal induced, and continues to induce, infringement of the '102 patent in violation of 35 U.S.C. § 271(b) by, without authority, and despite knowing such behavior results in infringement of the '102 patent, encouraging its customers to use the Crystal Products. On information and belief, such customers use the Crystal Products as instructed by Crystal. Thus, upon information and belief, Crystal induces direct infringement by such customers.

43.     Crystal's acts of encouragement of end user direct infringement of the '102 patent include advertising the sale and/or download of the Crystal Products on its website http://www.crystalknows.com. Similarly, via its website, Crystal provides

instructions for its customers including video demonstrations of the use of the Crystal Products.

44.     Crystal formed a specific intent to infringe the '102 patent at least by May 22, 2015, when, as described in Paragraph 18, it learned of its infringement of the '102 patent.

*Notice & Marking*

45.     As described in Paragraph 18, Mattersight gave Crystal notice of infringement pursuant to 35 U.S.C. § 287(a) at least as early as May 22, 2015, when Mr. Wesbecher e-mailed Mr. D'Agostino regarding Crystal's infringement of the '285 and '102 patents.  Moreover, as described in Paragraph 18, Mattersight reminded Crystal of the Crystal Products' infringement of the '102 patent, on or around June 24, 2015, in a letter to Mr. D'Agostino.  Additionally, Mattersight provides notice of infringement by filing this Action.

46.     Mattersight has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '102 patent.

*Damage*

47.     Mattersight has been damaged and irreparably harmed by Crystal's direct and indirect infringement of the '102 patent, and will continue to be damaged and irreparably harmed absent relief.

## COUNT III – INFRINGEMENT OF THE '801 PATENT

48.     Paragraphs 1 through 47 are incorporated by reference as though fully stated herein.

*Direct Infringement*

49.     On information and belief, the Crystal Products directly infringe at least claims 1, 2, 3, 5, 6, 8-13, 15, 16, 18, 20-23, and 25-27 of the '801 patent.

50.     By making, using, offering for sale, and selling the Crystal Products, Crystal has directly infringed, and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 2, 3, 5, 6, 8-13, 15, 16, 18, 20-23, and 25-27 of the '801 patent in violation of 35 U.S.C. § 271.

51.     On information and belief, Crystal has willfully infringed and continues to willfully infringe the '801 patent because it either knew or should have known that there was an objectively high risk of infringement by making, using, offering to sell, and/or selling the Crystal Products in the United States without authority because Mattersight, as described in Paragraph 20, had notified Crystal of the Crystal Products' infringement of the '801 patent at least as early as November 13, 2015.  Further, as described in Paragraph 20, Mattersight described Crystal's infringement on an element-by-element basis in the claim chart at Exhibit J, leaving no doubt that Crystal knew there was an objectively high risk of infringement.

*Inducement*

52.     On information and belief, Crystal indirectly infringes the '801 patent by actively inducing infringement of others engaging in direct infringement.

53. On information and belief, Crystal had actual knowledge of the '801 patent no later than November 13, 2015, and likely earlier, as described in Paragraph 20.

54. On information and belief, Crystal had actual knowledge that its inducement resulted in direct infringement of the '801 patent by end users of the Crystal Products.

55. On information and belief, Crystal induced, and continues to induce, infringement of the '801 patent in violation of 35 U.S.C. § 271(b) by, without authority, and despite knowing such behavior results in infringement of the '801 patent, encouraging its customers to use the Crystal Products. On information and belief, such customers use the Crystal Products as instructed by Crystal. Thus, upon information and belief, Crystal induces direct infringement by such customers.

56. Crystal's acts of encouragement of end user direct infringement of the '801 patent include advertising the sale and/or download of the Crystal Products on its website http://www.crystalknows.com. Similarly, via its website, Crystal provides instructions for its customers including video demonstrations of the use of the Crystal Products.

57. Crystal formed a specific intent to infringe the '801 patent at least by November 13, 2015, when, as described in Paragraph 20, it learned of its infringement of the '801 patent.

*Notice*

58. As described in Paragraph 20, Mattersight gave Crystal notice of infringement pursuant to 35 U.S.C. § 287(a) at least as early as November 13, 2015. Additionally, Mattersight provides notice of infringement by filing this Action.

*Damage*

59.     Mattersight has been damaged and irreparably harmed by Crystal's direct and indirect infringement of the '801 patent, and will continue to be damaged and irreparably harmed absent relief.

### COUNT IV – INFRINGEMENT OF THE '510 PATENT

60.     Paragraphs 1 through 59 are incorporated by reference as though fully stated herein.

*Direct Infringement*

61.     On information and belief, the Crystal Products directly infringe at least claims 1, 2, 4, 5, 8, 12-15, 17, 18, 20, 21, 24, 26, 27, 28, 30, 31, 33, 36, and 37 of the '510 patent.

62.     By making, using, offering for sale, and selling the Crystal Products, Crystal has directly infringed, and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 2, 4, 5, 8, 12-15, 17, 18, 20, 21, 24, 26, 27, 28, 30, 31, 33, 36, and 37 of the '510 patent in violation of 35 U.S.C. § 271.

63.     On information and belief, Crystal has willfully infringed and continues to willfully infringe the '510 patent because it either knew or should have known that there was an objectively high risk of infringement by making, using, offering to sell, and/or selling the Crystal Products in the United States without authority because Mattersight, as described in Paragraph 21, had notified Crystal of the Crystal Products' infringement of the '510 patent at least as early as November 19, 2015.  Further, as described in Paragraph 21, Mattersight described Crystal's infringement on an element-by-element

basis in the claim chart at Exhibit K, leaving no doubt that Crystal knew there was an objectively high risk of infringement.

*Inducement*

64.     On information and belief, Crystal indirectly infringes the '510 patent by actively inducing infringement of others engaging in direct infringement.

65.     On information and belief, Crystal had actual knowledge of the '285 patent no later than November 19, 2015, and likely earlier, as described in Paragraph 21.

66.     On information and belief, Crystal had actual knowledge that its inducement resulted in direct infringement of the '510 patent by end users of the Crystal Products.

67.     On information and belief, Crystal induced, and continues to induce, infringement of the '510 patent in violation of 35 U.S.C. § 271(b) by, without authority, and despite knowing such behavior results in infringement of the '510 patent, encouraging its customers to use the Crystal Products.  On information and belief, such customers use the Crystal Products as instructed by Crystal.  Thus, upon information and belief, Crystal induces direct infringement by such customers.

68.     Crystal's acts of encouragement of end user direct infringement of the '510 patent include advertising the sale and/or download of the Crystal Products on its website http://www.crystalknows.com.  Similarly, via its website, Crystal provides instructions for its customers including video demonstrations of the use of the Crystal Products.

69.     Crystal formed a specific intent to infringe the '510 patent at least by November 19, 2015, when, as described in Paragraph 21, it learned of its infringement of the '510 patent.

*Notice*

70.     As described in Paragraph 21, Mattersight gave Crystal notice of infringement pursuant to 35 U.S.C. § 287(a) at least as early as November 19, 2015. Additionally, Mattersight provides notice of infringement by filing this Action.

*Damage*

71.     Mattersight has been damaged and irreparably harmed by Crystal's direct and indirect infringement of the '510 patent, and will continue to be damaged and irreparably harmed absent relief.


**PRAYER FOR RELIEF**

Mattersight requests the following relief from this Court:

A.     Preliminarily and permanently enjoin Crystal, its representatives, officers, directors, employees, and agents, from directly or indirectly making, causing to be made, offering for sale, selling or causing to be sold, using or causing to be used, any infringing product;

B.     Enter a judgment that Crystal has infringed and continues to infringe one or more claims of the Mattersight Patents;

C.     Enter a judgment that Crystal has willfully infringed and continues to willfully infringe one or more claims of the Mattersight Patents;

D.    Award Mattersight damages in an amount sufficient to compensate Mattersight for Crystal's infringement of the Mattersight Patents, but no less than a reasonable royalty;

E.    Order Crystal to pay to Mattersight treble damages pursuant to 35 U.S.C. § 284;

F.    Order that Crystal pay prejudgment interest and costs to Mattersight pursuant to 35 U.S.C. § 284;

G.    Order that Crystal pay Mattersight's reasonable attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285; and

H.    Grant Mattersight such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Mattersight hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: November 25, 2015                    Respectfully submitted,

                                            */s/  James A. Shimota*
                                            James A. Shimota

                                            James A. Shimota (IL Bar No. 6270603)
                                            Braden J. Tilghman (IL Bar No. 6314143)
                                            **HAYNES AND BOONE, LLP**
                                            180 North LaSalle Street, Suite 2215
                                            Chicago, Illinois 60601
                                            Telephone: 312-216-1624
                                            Facsimile: 312-216-1621
                                            Jim.Shimota@haynesboone.com
                                            Braden.Tilghman@haynesboone.com

                                            ***Counsel for Plaintiff Mattersight Corporation***